UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY SETTIMO BARBUTO and
PATRICIA ANN MCCARTHY, Legal
Guardian of Anthony Settimo Barbuto,

        Plaintiffs,

        v.                                     Case No. 22-C-569

DANIEL HARTWIG, et al.,

        Defendants.

## DECISION AND ORDER

In May 2022, Plaintiffs Anthony Barbuto and his legal guardian, Patricia McCarthy, filed a *pro se* complaint under 42 U.S.C. §1983, alleging that Defendants violated his civil rights at the Manitowoc County Jail between May 2019 and June 2019. Dkt. No. 1. The Court screened the original complaint in July 2022; and Defendants Kevin Mueller and Elizabeth Rekowski were personally served with the original complaint on August 23, 2022, but failed to timely answer. *See* Dkt. Nos. 5, 12, & 13. Plaintiff then filed an amended complaint in December 2022, and the Court screened the amended complaint as well, *see* Dkt. No. 25, but because no one had timely appeared or answered on behalf of Mueller and Rekowski, they did not receive docket notifications of either.

On June 28, 2023, Plaintiff requested entry of default as to Mueller and Rekowski because their time to answer had long expired. Dkt. Nos. 46 & 48. Along with these requests, Plaintiff also submitted affidavits showing that Mueller and Rekowski had failed to plead or otherwise defend. Dkt. Nos. 47 & 49. As required by Federal Rule of Civil Procedure 55(a), the Clerk

entered default on June 28, 2023. On July 11, 2023, Plaintiff filed motions for default judgment against Mueller and Rekowski. Dkt. Nos. 50 & 52.

About ten days later, on July 21, 2023, attorney Daniel B. Peters, from the Wisconsin Department of Justice (DOJ), filed a notice of appearance on behalf of Mueller and Rekowski. Dkt. No. 57. About a week after that, on July 27, 2023, Mueller and Rekowski filed their answer. Dkt. No. 58. At that time, Mueller and Rekowski also filed a motion to vacate entry of default and for an extension of time to answer. Dkt. No. 60. Mueller and Rekowski explain that they were personally served with the summons and complaint on August 23, 2022, and on that same day, they requested counsel through their employer, the Wisconsin Department of Corrections (DOC). *Id*. at 6. The paperwork to secure representation for both individuals was sent to the DOC Department of Legal Counsel, but due to an error made by the DOC, was not forwarded to the DOJ until July 20, 2023. *Id*. Once the paperwork was received by the DOJ, a notice of appearance was filed the following day, along with an answer and a motion to vacate entry of default the following week. Dkt. Nos. 57–58.

To have the entry of default vacated, defendants must show that they had good cause for the late submission of their answer and that they acted in a timely fashion to have the default order set aside. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009); Fed. R. Civ. P. 55(c). Mueller and Rekowski have shown good cause for their tardy answer. They did not willfully ignore the pending litigation but instead attempted to promptly secure counsel through their employer, who inadvertently failed to forward the request to the DOJ in a timely manner. Once the paperwork was received by the DOJ, a notice of appearance was filed the following day, along with an answer and a motion to vacate the entry of judgment the following week. The Court notes that the filing of an amended complaint may have further complicated the circumstances, and,

2

Mueller and Rekowski have pleaded meritorious defenses. *See* Dkt. No. 58. Further, Plaintiff did not oppose Defendants' motion to vacate the entry of default and for the extension of time to answer. In light of these circumstances, Defendants Mueller and Rekowski have shown good cause for setting aside the entry of default as required by Fed. R. Civ. P. 55. Given that the Court also has a policy of favoring trial on the merits over default judgment, *see Cracco*, 559 F.3d at 631, the Court will grant Defendants' motion to vacate entry of default and for extension of time to answer and will deny as moot Plaintiff's motions for default judgment.

The Court has already entered a scheduling order to expedite resolution of this case. Dkt. No. 56. If the parties require further extension of the scheduling order, they are directed to confer and submit a joint motion.

**IT IS THEREFORE ORDERED** that Defendants' motion to vacate entry of default and for extension of time to answer (Dkt. No. 60) is **GRANTED**. The Clerk's entry of default as to Mueller and Rekowski, dated June 28, 2023, is **VACATED** and their answer filed July 27, 2023 is accepted.

**IT IS FURTHER ORDERED** that Plaintiff's motions for default judgment (Dkt. Nos. 50 & 52) are **DENIED as moot.**

Dated at Green Bay, Wisconsin this 25th day of August, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge