UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY SETTIMO BARBUTO and
PATRICIA ANN MCCARTHY, Legal
Guardian of Anthony Settimo Barbuto,

          Plaintiffs,

      v.                                                               Case No. 22-C-569

DANIEL HARTWIG, et al.,

          Defendants.

## DECISION AND ORDER

Plaintiffs Anthony Barbuto and his legal guardian, Patricia McCarthy, brought this action against Defendants Manitowoc County Sheriff Daniel Hartwig, Jail Administrator Joy L. Brixius, Dr. Karen Ronquillo-Horton, Sergeant Campbell, Manitowoc County, and Advanced Correctional Healthcare Inc. (ACH), asserting that Barbuto's civil rights were violated during his incarceration at the Manitowoc County Jail between May 28, 2019, and June 28, 2019. Plaintiffs also assert a state law medical malpractice claim. The Court has jurisdiction over Plaintiffs' 42 U.S.C. § 1983 claims under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367. This matter comes before the Court on ACH's motion to amend its answer and motion for summary judgment based on Wisconsin's statute of limitations.

## BACKGROUND

In August 2019, Plaintiffs mailed the Manitowoc County Clerk a Notice of Claim. The notice of claim mentioned ACH, the entity Manitowoc County contracted with to provide medical care at the jail. Dkt. No. 99, ¶¶ 1, 4. On May 13, 2022, Plaintiffs filed a *pro se* complaint against

Manitowoc County Sheriff Hartwig, Jail Administrator Brixius, Dr. Ronquillo-Horton, Department of Corrections (DOC) agent Kevin Mueller, and DOC agent Elizabeth Rekowski. Dkt. No. 1. At the time, ACH was not named as a defendant in the lawsuit. *See id*. The *pro se* complaint alleged, in relevant part, that medical staff at the jail did not provide medical treatment for Barbuto following his suicide attempts and Lithium toxicity. *Id*. at 17–20, 30–33. The complaint alleged that medical staff lacked "common sense" and "normal protocols" for handling these sorts of medical issues; and it requested that the jail implement "a change in policy in how medical and mental health issues are handled." *Id*. at 44. In July 2022, Sheriff Hartwig emailed a copy of the summons and *pro se* complaint he had been served with in this case to ACH. Dkt. No. 92, ¶ 2. Plaintiffs thereafter retained counsel in July 2022, *see* Dkt. No. 7, and counsel filed an amended complaint on December 7, 2022, adding claims against Sergeant Campbell, Manitowoc County, and ACH, *see* Dkt. No. 26. The amended complaint, in relevant part, alleged that ACH failed to properly train staff regarding mental health issues, lithium toxicity, and other medical issues; and failed to have adequate staffing at the jail due to "constitutionally impermissible profit-driven reasons." Dkt. No. 26, ¶¶ 63–69.

Plaintiffs requested summonses from the Clerk's office on March 14, 2023, about a week after the deadline to serve under Federal Rule of Civil Procedure 4(m) had already passed. Dkt. No. 78, ¶ 6. ACH was served with the amended complaint two days later, on March 16, 2023, and it answered on June 22, 2023, after the Court denied its motion to dismiss for failure to timely serve on June 20, 2023. *Id*. ¶¶ 7–8; *see also* Dkt. No. 40. ACH's answer asserted as an affirmative defense "limits on liability set forth in Wis. Stat. § 893.80 or otherwise under Wisconsin Law." Dkt. No. 78, ¶ 9. It did not, however, use the phrase "Statute of Limitations." *See* Dkt. No. 45 at 21–25.

In October 2023, Plaintiffs retained the services of new counsel. In mid-November 2023, ACH communicated to Plaintiffs' new counsel that it had a potential statute of limitations defense and asked that ACH be voluntarily dismissed from the case on that basis. Dkt. No. 94 at 4. Plaintiffs' counsel responded that the affirmative defense was not properly raised in ACH's answer and therefore had been waived. Dkt. No. 88 at 16. On February 13, 2024, ACH filed a motion to amend/correct the answer, along with a motion for summary judgment based on Wisconsin's statute of limitations.

## ANALYSIS

ACH seeks leave to file an amended answer to include a statute of limitations affirmative defense. Under Federal Rule of Civil Procedure 8(c), a defendant must plead an affirmative defense, such as a statute of limitations defense, in the answer. Fed. R. Civ. P. 8(c). A defendant's failure to plead an affirmative defense ordinarily results in the affirmative defense being waived (if the defendant has relinquished it knowingly and intelligently) or forfeited (if the defendant merely failed to preserve the defense by pleading it). *See Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 478 (7th Cir. 2019); *see also Venters v. City of Delphi*, 123 F.3d 956, 968 (7th Cir. 1997). Although ACH asserted that its "liability, if any, is subject to the procedural requirements and limitations of law found in state law, including but not limited to the procedural requirements, immunities, and limits on liability set forth in Wis. Stat. § 893.80 or otherwise under Wisconsin law," Dkt. No. 45, ¶ 2, it did not explicitly assert a statute of limitations affirmative defense as required by Rule 8(c).

Under Rule 15(a), however, a court may "exercise its discretion to allow a late affirmative defense if the plaintiff does not suffer prejudice from the delay." *Burton v. Ghosh*, 961 F.3d 960, 965–66 (7th Cir. 2020); *see also Jackson v. Rockford Housing Auth.*, 213 F.3d 389, 392 (7th Cir.

3

2000) ("The general rule [is] that amendment is allowed absent undue surprise or prejudice to the plaintiff."). "Prejudice" does not mean "whether the defense will succeed on the merits and cause the plaintiff to lose." *Burton,* 961 F.3d at 965–66. Instead, it means "unfair prejudice, meaning that the late assertion of the defense causes some unfairness independent of the potential merits of the defense." *Id*.

ACH asserts that it has a legitimate statute of limitations defense against Plaintiffs' claims against it. Plaintiffs assert ACH deliberately failed to train its employees on how to identify lithium toxicity and other mental health issues in violation of the Eighth Amendment. "An action under 42 U.S.C. § 1983 must be brought within the statute of limitations for personal injuries supplied by the state in which the claim arose." *Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018) (citation omitted). In Wisconsin, the statute of limitations for an incident that accrued after April 5, 2018 is three years. *See* Wis. Stat. § 893.53. ACH contends that the events giving rise to this lawsuit occurred in May and June 2019, but ACH was not named as a defendant in this case until December 2022. As a result, ACH argues that Plaintiff's claim against it was filed approximately six months too late under Wisconsin's three-year statute of limitations.

Plaintiffs argue that ACH unreasonably delayed asserting its affirmative defense. They contend that ACH was aware of the lawsuit since July 11, 2022, it was served with an amended complaint on March 17, 2023, it discussed the statute of limitations defense with Plaintiff's counsel on November 16, 2023, and it did not pursue the defense until February 8, 2024, when it filed its motion to amend. Plaintiffs maintain that they were unduly prejudiced by the delay.

In this case, allowing ACH to amend its answer to include a statute of limitations affirmative defense is not an undue surprise and does not unfairly prejudice Plaintiffs. Other defendants in this case affirmatively pled the statute of limitations in their answer, and the Court

4

mentioned the statute of limitations defense in a June 2023 order. Plaintiffs are not prejudiced because discovery has not yet closed and they have had the opportunity to respond to the affirmative defense through motion practice. "[W]here the plaintiff has an opportunity to respond to a late affirmative defense, he cannot establish prejudice merely by showing that the case has progressed significantly since the defendants answered his complaint." *Williams v. Lampe*, 399 F.3d 867, 871 (7th Cir. 2005). Although Plaintiffs assert that ACH unreasonably delayed filing the motion to amend the answer, Plaintiffs too have caused unnecessary delays in the case, most significantly by waiting months to file an amended complaint, despite having counsel, then failing to timely serve ACH and other defendants. ACH's delay in filing the motion to amend the answer is no more unreasonable than Plaintiffs' delays in this case.

Plaintiffs also argue that amendment to allow the statute of limitations defense would be futile because the amended complaint relates back to the original complaint under Rule 15(c). An amendment to a pleading that "changes the party or the naming of the party against whom a claim is asserted" relates back to the date of the original pleading if: (1) the amendment asserts a claim or defense arising out of the same conduct, transaction, or occurrence as the original complaint; (2) the party added by amendment received notice of the action within the period provided by Rule 4(m) and will not be prejudiced in defending on the merits; and (3) the added party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

Plaintiffs assert that the amended complaint relates back to the original complaint because they made a mistake as to ACH's identity. In particular, Plaintiffs claim that they did not understand the role of ACH at the jail; and therefore, they made a "mistake" by asserting a *Monell* claim against Sheriff Hartwig instead of ACH. They contend that, even though they mistakenly

5

failed to name ACH as a party in the original complaint, ACH was aware of Plaintiff's original complaint when it was mailed to ACH's Chief Executive Officer in July 2022. Plaintiffs argue that ACH should have immediately understood that the original complaint was a "mistake" concerning the proper identity of the party.

There is no basis to conclude that ACH knew or should have known that it would have been a defendant in this case but for Plaintiffs' "mistake" concerning the proper party's identity. Whether an amended pleading relates back depends on "what the prospective *defendant* knew or should have known" and "not what the *plaintiff* knew or should have known." *Herrera v. Cleveland*, 8 F.4th 493, 497 (7th Cir. 2021) (citing *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 555–57 (2010)). A plaintiff's "ignorance or misunderstanding about who is liable for his injury does not satisfy Rule 15(c)'s mistake requirement." *Id.*

Although Plaintiffs could have asserted a constitutional claim against ACH in the original complaint, it only asserted a separate, valid *Monell* claim against Sheriff Hartwig. *See Glisson v. Ind. Dep't of Corr.,* 849 F.3d 372, 378–79 (7th Cir. 2017); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Because Plaintiffs brought a valid claim against a proper party (Sheriff Hartwig), there was no obvious "mistake" in the pleadings concerning a party's identity. Instead, it would have been reasonable for ACH to believe that it was receiving a copy of the complaint because Plaintiffs had asserted a claim against one of its employees, Dr. Ronquillo-Horton. In short, Plaintiffs' failure to name every defendant against whom they had a claim was not a "mistake" in identity; it was an omission of claims against a potential defendant.

For these reasons, Plaintiffs' claim against ACH in the amended complaint does not "relate back" to the claim against Sheriff Hartwig asserted in the original complaint. As a result, amendment of the answer to include the statute of limitations affirmative defense would not be

6

futile. Because there is no dispute that the amended complaint was filed more than three years after June 2019, Plaintiffs' claim against ACH is barred by Wisconsin's statute of limitations. Therefore, ACH's motions to amend the answer and for summary judgment based on the statute of limitations are granted.

## CONCLUSION

Accordingly, ACH's motion to amend the answer (Dkt. No. 82) is **GRANTED**. The amended answer (Dkt. No. 85) is the operative answer in this case. ACH's motion for summary judgment based on Wisconsin's statute of limitations (Dkt. No. 76) is **GRANTED**. ACH is dismissed as a defendant from this case.

**SO ORDERED** at Green Bay, Wisconsin this 19th day of April, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge