UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY SETTIMO BARBUTO and
PATRICIA ANN MCCARTHY,
Legal Guardian of Anthony Settimo Barbuto,

        Plaintiffs,

        v.                                                                                Case No. 22-C-569

DR. KAREN RONQUILLO-HORTON,

        Defendant.

## ORDER ON CONSTITUTIONAL STANDARD

      Plaintiff Anthony Settimo Barbuto filed this action under 42 U.S.C. § 1983 alleging that Defendant Dr. Karen Ronquillo-Horton, who worked under a contract with Manitowoc County to provide medical care to inmates in the County's jail, violated his rights by denying him appropriate medical care in June of 2019. At the time of the relevant conduct, Barbuto was on a probation hold. In other words, he had been convicted of a crime and was then placed on probation in lieu of a sentence of incarceration in the jail or a state prison. He was arrested on a warrant issued by his probation agent upon concluding that Barbuto had violated the conditions of his probation.

      In its decision denying Dr. Ronquillo-Horton's motion for summary judgment, the court recognized but did not decide the question whether Dr. Ronquillo-Horton's conduct is to be judged under the Eighth Amendment, which prohibits cruel and unusual punishment, or under the Fourteenth Amendment Due Process Clause, which has been held to prohibit imposing any punishment on pretrial detainees simply by virtue of their status. The court found it unnecessary to resolve that issue in deciding the motion for summary judgment because it concluded that factual

disputes remained regardless of which standard applied. Now, however, with the final pretrial today and the trial less than a month away, the parties need a determination of this issue so that they can properly prepare for trial. This order sets forth the court's determination of that issue.

As the court noted in its decision denying the defendant's Motion for Summary Judgment, the law governing this question is not clear. *See Hill v Cty. of Montgomery*, No. 9:14-CV-00933 (BKS/DJS), 2018 WL 2417839, *2 (N.D. N.Y. May 29, 2018) ("Whether to classify an individual detained for a suspected probation violation as a pretrial detainee or a convicted prisoner is an 'unresolved and difficult question.'") (Collecting cases). The Seventh Circuit has acknowledged this issue but found it unnecessary to decide it in previous cases. *See Estate of Clark v Walker*, 865 F.3d 544 (7th Cir. 2017) (noting that "[c]ourts have expressed some uncertainty regarding which amendment controls for hybrid forms of detention, such as here where Clark's extended-supervision officer placed him on short 'holds' in the county jail" but finding it unnecessary to decide the issue). More recently, the Seventh Circuit suggested that an inmate on a probation hold should be considered a pretrial detainee, noting that "[c]laims like these can fall under the Fourth or Fourteenth Amendment, depending on the person's status. *Estate of Wallmow v Oneida County*, 99 F.4th 385, (7th Cir. 2024). In that case, however, the court did not even address the Eighth Amendment and neither party appears to have raised the issue. The question therefore appears an open one in this circuit. For the reasons that follow, the court concludes that the Eighth Amendment applies.

The Eighth Amendment's Cruel and Unusual Punishment Clause limits the punishment that can be imposed on a person convicted of a crime. "[T]he state does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." *Ingraham v Wright*, 430 U.S. 651,

671 n.40 (1977). Upon conviction, Wisconsin courts are empowered to sentence a defendant to prison or place the defendant on probation. Wis. Stat. §§ 973.01, 973.09. The court can impose as a condition of probation that the defendant serve a term of less than one year in the county jail, usually with work release privileges. Wis. Stat. § 973.09(4). The court can also impose a prison sentence, stay the sentence, and then place the defendant on probation. Wis. Stat. § 972.09(1).

Wisconsin law puts probationers in the legal custody of the state Department of Corrections and renders them "subject . . . to . . . conditions set by the court and rules and regulations established by the department for the supervision of probationers, parolees, and person on extended supervision." Wis. Stat. § 973.10(1). The Department's regulations authorize any probation agent to order an offender into custody if the offender is alleged to have been involved in assaultive or dangerous conduct. An offender may also be taken into custody and detained for investigation of an alleged violation of a rule or condition of supervision, after an alleged violation to determine whether to commence revocation proceedings, for disciplinary purposes to prevent a possible violation by the offender or pending placement in a program as an alternative to revocation. Wis. Adm. Code § DOC 328.27(1), (2). Each of these consequences flow from and are a consequence of the defendant's conviction for a crime. As the Court observed in *Griffin v. Wisconsin*, "[p]robation is simply one point (or, more accurately, one set of points) on a continuum of possible punishments ranging from solitary confinement in a maximum-security facility to a few hours of mandatory community service." 483 U.S. 868, 874 (1987).

Under these circumstances, the Court concludes that the Eighth Amendment and not the Fourteenth applies in this case. It is his conviction for a crime that limited Barbuto's freedom by placing him under the supervision of a probation agent and subject to incarceration in the event the agent believes he has violated the conditions of his probation or one of the other grounds for

3

placing a hold on him authorized by the regulations existed. Having received all the due process protections constitutionally required prior to his conviction, a person on a probation hold is in the same position as any offender who is subject to the penalties imposed by the court as limited by the Eighth Amendment.

There is no dispute that if a jail term had been ordered for Barbuto as a condition of his probation, the Eighth Amendment would apply. So, too, if the sentencing court had ordered as a condition of his probation, that Barbuto subject himself to unwanted and barbaric medical procedures, the Eighth Amendment would apply. Likewise in this case, because Barbuto was placed on probation for commission of a crime and was placed in the custody of the jail as a result of that probation, his case is governed by the Eighth Amendment "deliberate indifference" standard, as opposed to the "objective reasonableness" standard that applies to pretrial detainees under the Due Process Clause of the Fourteenth Amendment. The court will so instruct the jury unless reconsideration is warranted for reasons not previously considered.

Dated at Green Bay, Wisconsin this <u>13th</u> day of September, 2024.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge