UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTHONY SETTIMO BARBUTO and
PATRICIA ANN MCCARTHY,
Legal Guardian of Anthony Settimo Barbuto,

        Plaintiffs,

        v.                                Case No. 22-C-569

DR. KAREN RONQUILLO-HORTON, M.D.,

        Defendant.

---

## ORDER DENYING MOTION TO ADJOURN OR ALTERNATIVE MOTION TO ALLOW REMOTE TESTIMONY AT TRIAL

---

Plaintiff Anthony Settimo Barbuto, by his mother and legal guardian, Patricia Ann McCarthy, filed this action under 42 U.S.C. § 1983 alleging that Defendant Dr. Karen Ronquillo-Horton, who was working under a contract with Manitowoc County to provide medical care to inmates in the county's jail, violated his rights by denying him appropriate medical care in June of 2019. The case is currently scheduled for trial on October 7, 2024. The day before the final pretrial in this matter, the defendant filed a motion for adjournment of trial or, in the alternative, to allow Dr. Ronquillo-Horton to testify remotely at trial pursuant to Rule 43 of the Federal Rules of Civil Procedure. Dr. Ronquillo-Horton states in her motion that she has taken a position at Gloucestershire Hospitals, NHS Foundation Trust as a General Practitioner in Somerset County in the United Kingdom. She states she is in the midst of a 90-day probationary period, which began on August 7, 2024. She further states that, during the week of August 26, 2024, she learned that she would be unable to take time off from work (including the approximately 6 days which includes travel) during week of October 7, 2024, for the purpose of attending trial. Dr. Ronquillo-

Horton states that her employer has indicated that accommodation could be made for her to testify at trial remotely if she could not take time off for attendance in person. Based upon these facts, Dr. Ronquillo-Horton asks that the trial be adjourned until after her probationary period or, in the alternative, that she be allowed to appear and testify via video conference.

Plaintiff opposes the motion to adjourn and the alternative motion to allow Dr. Ronquillo-Horton to testify remotely. Plaintiff notes that the trial has been scheduled for more than a year and that he has witnesses, including an expert witness, prepared for trial to commence on October 7, 2024. Uncertain of when a new trial could be set and the availability of his witnesses, and given the age of the case, Plaintiff argues that an adjournment would be unfair and prejudicial. Plaintiff also opposes Dr. Ronquillo-Horton's request to testify remotely. He contends that Dr. Ronquillo-Horton's credibility is crucial to the outcome of the case and to allow her to testify by video from the United Kingdom would interfere in his ability to effectively cross-examine her and deprive the jury of the best opportunity to observe her demeanor and assess her credibility.

The court is satisfied that the motion to adjourn the trial should be denied. The case is four years old. It was commenced *pro se* by Ms. McCarthy and taken over by an attorney who was then replaced less than a year ago by current counsel. The trial date was set more than a year ago and to attempt to reschedule the case at this late date would be unfair to Plaintiff and the court. Given the court's calendar, it could be months before a new date could be set and the availability of counsel, the parties, and witnesses on another date is uncertain. Plaintiff has waited for his day in court and, absent extraordinary circumstances, further delay should not be allowed. No extraordinary circumstances have been shown.

The question of whether Dr. Ronquillo-Horton should be allowed to testify remotely is governed by Rule 43 of the Federal Rules of Civil Procedure. That rule provides:

At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. *For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.*

Fed. R. Civ. P. 43(a) (italics added).

The Advisory Committee Note to the 1996 Amendment to Rule 43 emphasizes that contemporaneous transmission of testimony from a different location is permitted "only on showing good cause in compelling circumstances." Fed. R. Civ. P. 43 (Adv. Comm. Note 1996). The Committee Note acknowledges that "the very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling." *Id.* This is because "[t]he opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition." *Id.* As a result, "[t]ransmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial." *Id.*

The Committee's Note further acknowledges that "the most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." *Id.* Under such circumstances, "[c]ontemporaneous transmission may be better than an attempt to reschedule the trial, particularly if there is a risk that other—and perhaps more important— witnesses might not be available at a later time." *Id.* Finally, the Note states "a party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." *Id.*

The court concludes from the text of Rule 43(a) and the Advisory Committee's comments that Dr. Ronquillo-Horton's motion should be denied. Dr. Ronquillo-Horton is not a mere witness in this case. She is a party—the sole remaining defendant. Plaintiff emphasizes that Dr. Ronquillo-

3

Horton's credibility is key to his claims. Given the emphasis in the Note on the importance of presenting live testimony in court before the factfinder, granting Dr. Ronquillo-Horton's request would raise serious concerns over fairness. As the Seventh Circuit has observed,

> Clearly, a jury trial conducted by videoconference is not the same as a trial where the witnesses testify in the same room as the jury. Videoconference proceedings have their shortcomings. "[V]irtual reality is rarely a substitute for actual presence and . . . even in an age of advancing technology, watching an event on the screen remains less than the complete equivalent of actually attending it."

*Thornton v. Snyder*, 428 F.3d 690, 697 (7th Cir. 2005) (quoting *United States v. Lawrence*, 248 F.3d 300, 304 (4th Cir. 2001)).

It is also important to note that the trial date in this case was set on July 14, 2023, more than a year ago. The court further notes that Dr. Ronquillo-Horton is also a defendant in a separate trial in another case that was also scheduled to begin on October 7, 2024. *Estate of Stephenson v. Calumet County*, et al, No. 22-C-569 (E.D. Wis.) The trial date in that case was also set more than a year ago and was only removed from the calendar on August 26, 2024. Despite the trial dates that were set more than a year ago, Dr. Ronquillo-Horton appears to have applied for and accepted a position in the United Kingdom that she claims precludes her attendance at two previously scheduled trials in which she is a defendant. The letter from her employer confirming her employment is dated May 21, 2024. Dkt. No. 145 at 4. It should be noted that Dr. Ronquillo-Horton failed to update her discovery responses as to her new employment at that time. In any event, this is not the kind of "unexpected reason[ ], such as accident or illness," that the Advisory Committee noted would be most persuasive in showing "good cause and compelling circumstances." Dr. Ronquillo-Horton should have made arrangements with her new employer to attend the previously scheduled trials.

4

In fact, the record is silent as to whether Dr. Ronquillo-Horton informed her new employer of the trial schedule. Indeed, Dr. Ronquillo-Horton's claim that she is unable to leave during the probationary period for trial is unsupported by any evidence other than by her own unnotarized affidavit. The letter dated May 21, 2024 from her employer only confirms that she will be employed by Gloucestershire Hospitals as a GP Trainee on a three-year contract, subject to completion of successful employment checks. Dkt. No. 145 at 4. The letter from Gloucestershire Hospitals says nothing about a 90-day probationary period from which she cannot be excused.

Finally, while the court notes that international travel is expensive, counsel for Dr. Ronquillo-Horton indicated that the insurer would bear the cost of Dr. Ronquillo-Horton's travel to and from Green Bay for the anticipated trial. Thus, other than the loss of work for attendance at the trial and travel, Dr. Ronquillo-Horton will not be unduly burdened if she is required to attend.

Under these circumstances, the court concludes that Dr. Ronquillo-Horton has failed to meet her burden to be allowed to testify remotely. She has failed to demonstrate "good cause in compelling circumstances" to grant such a request and thereby deprive Plaintiff of the opportunity to challenge her credibility before the finder of fact. Dr. Ronquillo-Horton's motion for an adjournment, or in the alternative to testify remotely (Dkt. No. 143) is therefore **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this 17th day of September, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

5